**Filed: April 08, 2021**
**CV-21- 1888**
**Judge Gujarati**
**Magistrate Judge Mann**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CASE NO.:

CV 21 - 1888

GUJARATI, J.

MANN. M.J.

ST. MARTINUS UNIVERSITY, N.V.,
a Curaçao public company,

    Plaintiff,

v.

SMU LLC, a Delaware Limited Liability Company,
and JOHN VINCENT SCALIA, individually..

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ST. MARTINUS UNIVERSITY, N.V., hereby sues the Defendants, SMU, LLC, a Delaware Limited Liability Company and JOHN VINCENT SCALIA, individually (collectively "the Defendants"), and in support state as follows:

### JURISDICTION, PARTIES AND VENUE

1.    This is an action for damages in excess of $75,000.00.

2.    Plaintiff, ST. MARTINUS UNIVERSITY, N.V ("SMU"), is a public company incorporated under the laws of the Netherlands Antilles, owned by its shareholders. SMU's registered office is located at Kaya Fraternan di Skerpene #1, Scherpenheuvel Willemstad, Curaçao.

3.    Defendant SMU, LLC ("SMU NY") is a Delaware limited liability company with its registered office and principle place of business located in 2515 Arthur Kill Rd. Staten Island, N.Y. 10309, at all times material.

4.    Defendant JOHN VINCENT SCALIA ("SCALIA"), is and individual who is *sui juris* and, upon information and belief, a resident of the State of New York

5. SCALIA is subject to personal jurisdiction in the State of New York because SCALIA at all times material operated, conducted, engaged in, and carried on business or a business venture in this state. At all times material to this lawsuit, SCALIA engaged in substantial and not isolated activity within the State of New York, such that SCALIA should reasonably anticipate being subject to the jurisdiction of this state.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the damages sought exceed $75,000.00 and the parties are citizens of different states.

7. Plaintiff reserves the right to amend the Complaint upon further information.

8. Venue is proper in the Eastern District of New York since the Defendants, at all times material, resided and/or had their principal places of business in and conducted business within the Eastern District of New York.

## FACTS

### St. Martinus University's Foundation and its Early Financial Hardship

9. SMU was founded in October 2000 as a private higher education institution to provide education and training in the medical and healthcare fields, and to provide research and services in such areas.

10. By 2007 SMU had fallen into financial difficulty and had incurred substantial sums of debt.

11. SMU's financial hardship at the time was due because of mismanagement of funds. At the time, SCALIA held the occupation of the Supervisory Board of SMU and managed the affairs of the corporation.

12. On or around December 2007 and February 2008, Defendant SCALIA allegedly provided loans to SMU, which SMU has since been obligated to pay back.

13. No proof has ever been submitted regarding funds loaned directly to SMU, rather, the recent resolution of a dispute in Curaçao revealed that Defendants were not only unable to establish loans were made to SMU, but also, the Curacao court clarified that alleged portions of those funds would have went to SMU NY and not SMU to its benefit.

14. The recently uncovered fraud has prompted Plaintiff to file this action against those that have received funds in place of SMU.

15. In addition to concerns about purported loans made, American students attending SMU qualified for student loan programs such as then Nelnet and Sallie Mae, payments of which would have been received by SMU N.Y.

16. As of the date of this filing, it has been unascertained whether student loan funds received by SMU LLC N.Y. were ever released by SCALIA or SMU N.Y. for SMU's legitimate purposes.

### COUNT I – CONVERSION
*(Against SCALIA and SMU N.Y.)*

17. Plaintiff re-alleges Paragraphs 1 through 16 as if fully set forth herein.

18. As described herein, SCALIA and/or SMU N.Y. received specific funds due to SMU.

19. In transferring valuable assets and business opportunities of SMU to themselves or other companies owned by Defendants for zero or grossly insufficient consideration, Defendants have unlawfully converted those assets and business opportunities for their own personal benefit, at the expense of SMU.

20. As a result of such improper transfers, SMU has and continues to be damaged and has been wrongfully denied of those assets and business opportunities.

WHEREFORE, Plaintiff respectfully demands final judgment for damages against the Defendants jointly and severally, prejudgment interests, and the right to bring a claim for punitive damages and reasonable attorney's fees and costs, and such other relief that the Court deems proper.

## COUNT II - UNJUST ENRICHMENT
### *(Against Scalia and SMU N.Y.)*

21. Plaintiff re-alleges Paragraphs 1 through 16 as it fully set forth herein.

22. At all times material, the Defendants were unjustly conferred a benefit through the receipt of funds and/or business opportunities that belonged to SMU.

23. At all times material, the Defendants knowingly accepted a benefit, including the repayment of alleged "loan" to SMU and student loan funds.

24. The Defendants collectively have become unjustly enriched to the material detriment of SMU when they received funds in the name of SMU and/or owed to SMU.

25. It would be inequitable for the Defendants to retain the benefit of repayment of a loan SMU never received.

WHEREFORE, Plaintiff respectfully demands final judgment for damages against the Defendants, jointly and severally, together with an award of prejudgment interests, and such other relief that the Court deems proper.

## COUNT III– FRAUD
### *(Against Scalia and SMU N.Y.)*

26. Plaintiff re-alleges Paragraph 1 through 16 as if fully set forth herein.

27. SCALIA, issued or caused to issue, wire transfers of at least $177,000.00 to SMU N.Y.'s bank account under the control of SCALIA, of student loan proceeds paid to SMU by Nelnet.

28. The funds, however, were to be used for tuition due to SMU in Curaçao, cover clinical rotation expenses, and student living expenses as part of their loan with Nelnet. Accordingly, SMU N.Y. was supposed to make the funds available to SMU in Curaçao.

29. As of the date of this filing, student loan funds never released by SCALIA or SMU N.Y. to SMU or used for SMU's legitimate purposes.

30. In addition, after multiple requests, an accounting has never been provided by

4

SCALIA, or SMU N.Y.

31. To date, Defendants have actively engaged in concealing the existence and whereabouts of said funds with the intent to defraud the SMU, and kept SMU from uncovering the truth of said funds.

32. Defendants' actions were willful, wanton, intentional and outrageous and in direct violation of 20 U.S.C. § 1097 because they involve student loans.

33. As the direct and proximate result of the Defendants' fraud, Plaintiffs have been and continue to be materially damaged.

WHEREFORE, Plaintiff demand final judgment for damages against the Defendants, jointly and severally, prejudgment interests, and the right to bring a claim for punitive damages and reasonable attorney's fees and costs, and such other relief that the Court deems proper.

## ADDITIONAL COUNTS

34. Plaintiff reserves the right to plead additional causes of action as they become known since discovery is ongoing.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: April 6, 2021

Respectfully submitted,

*/s/Moises A. Saltiel*           .
**Moises Alejandro Saltiel, Esq.**
Florida Bar Number: 0109954
Saltiel Law Group
Attorney for the Plaintiff
95 Merrick Way, 3rd Floor
Coral Gables, Florida 33134
Phone: 305-735-6565
Fax: 786-332-6225
Email(s): Service@SaltielLawGroup.com

```
Court Name: Eastern District of New York

Division: 1
Receipt Number: 4653156334
Cashier ID: AndrewJ
Transaction Date: 04/08/2021
Payer Name: Law Office of Moises A Salti
el
--------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: Law Office of Moises A Saltiel
 Case/Party: D-NYE-1-21-CV-001888-001
 Amount:         $402.00
--------------------------------
PAPER CHECK CONVERSION
 Amt Tendered: $402.00
--------------------------------
Total Due:     $402.00
Total Tendered: $402.00
Change Amt:     $0.00
```