UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ST. MARTINUS UNIVERSITY, N.V.

      Plaintiff,                                Case no.: 1:21-cv-01888-DG-RLM

v.

SMU LLC, a Delaware limited liability company,
and John Vincent Scalia, individually,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff ST. MARTINUS UNIVERSITY N.V., (hereinafter "SMU") by and through the undersigned counsel, hereby files its Motion for Relief from Judgment and Incorporated Memorandum and in opposite states as follows:

On April 8, 2021, Plaintiff filed its action against SMU LLC and John Vincent Scalia, following the events that have transpired with SMU in Curacao. Following the filing of the Complaint, defendant Scalia requested permission to file the instant motion to dismiss in lieu of an Answer.[8] (See Def. July 12, 2021 Ltr., ECF No. 14). On September 22, 2022, Defendant's Motion to Dismiss was referred to a Magistrate Judge to prepare a Report and Recommendation. On March 9, 2023, the Court issued its Report and Recommendation to dismiss all claims, with prejudice. ECF No. 31. Following an agreed upon extension of time, Plaintiff filed their Objections to the Report and Recommendation on March 30, 2023. ("Report") ECF No.34.

On July 17, 2023, the District Judge adopted the findings of the Report and Recommendation in its entirety and ordered the Clerk of Court to enter an Order of Dismissal, with prejudice. While Plaintiff recognizes that it is within the District Court's power to adopt the

recommendations of the magistrate judge in whole, the ruling did not give much further explanation as to the extent of this Court's evaluation of Plaintiff's Objections.

All of Plaintiff's claims stem from a fraudulent scheme in which the Defendants deprived student loan funds from loan providers from the Plaintiff and hid the funds in a shell company. Prior to the filing of the Complaint, there have been numerous other claims involving the parties in both the court of Curaçao as well as the Southern District of Florida. However, in both their Response to Defendant's Motion to Dismiss, as well as their Objections to the Report and Recommendation, Plaintiff makes clear that the claims being brought before this Court are entirely separate from those that were decided in Curaçao. Despite this clarification, there is still confusion as to both the statute of limitations and *forum non conveniens* issues. The confusion has caused this Court to misapprehend the facts of the case and accordingly, misapply the appropriate law as well. Plaintiff comes now, under Rule 60(b)(1) and (6).

## MEMORANDUM OF LAW

In this District, the Court's Local Rules provide, in relevant part, that "[u]nless otherwise provided by the Court, by statute or rule (such as Fed. R. Civ. P. 50, 52, 59 and 60), a party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." L.R. 60.1. With respect to Federal Rules, Rule 60(b) governs motions for reconsideration. *See,* FED. R. CIV. P. 60(b). Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) [omitted]; or

(6) any other reason that justifies relief.

It is respectfully submitted that the Magistrate Judge's findings in their Report and Recommendation were rooted in a misapprehension of law and fact. Given that the District Court adopted the Report and Recommendation without further briefing or reasoning, the District Court's Order is also rooted in misapprehension of law and fact. First, the Court placed a heavier burden of proof on the Plaintiff regarding Defendants' statute of limitations defense. Second, the Court found that the Plaintiff failed to state a claim due to misunderstanding of the facts. Third, the Court ruled on the issue of *forum non conveniens* and international comity without consideration of the final order from the Supreme Court of Curacao, which was decided after the Plaintiff initially responded to Defendants' Motion to Dismiss.

**I. Statute of Limitations**

Determining when the plaintiffs knew or should have known of the facts constituting the alleged fraud in this case raises issues of fact that cannot be resolved on a motion to dismiss. *Marcus v. Frome*, 329 F. Supp. 2d 464 (S.D.N.Y. 2004) "[T]he question of whether Plaintiffs should have discovered the fraud earlier than they did, and thus whether the action is timely, is a question for the trier of fact." *Id*. (*quoting Nelson v. Stahl*, 173 F.Supp.2d 153, 166 (S.D.N.Y.2001). There is a serious dispute of the underlying facts that determine when the fraud was discovered, and therefore the Magistrate Judge incorrectly ruled on the statute of limitations defense at this juncture.

If a Defendant moves to dismiss the complaint on statute of limitations grounds, the defendant has "the initial burden of establishing prima facie that the time in which to sue has expired ..., and thus [is] required to establish, inter alia, when the plaintiff's cause of action

accrued" *U.S. Bank Nat'l Ass'n v. Brown,* 186 A.D.3d 1038, 1039, 130 N.Y.S.3d 146, 148–49 (2020) (quoting *Larkin v. Rochester Hous. Auth.*, 81 A.D.3d 1354, 1355, 916 N.Y.S.2d 694 [4th Dept. 2011] [internal quotation marks omitted]; *see also Chaplin v. Tompkins*, 173 A.D.3d 1661, 1662, 103 N.Y.S.3d 713 [4th Dept. 2019]). If the defendant meets that burden, "the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period." *U.S. Bank N.A. v. Gordon*, 158 A.D.3d 832, 835, 72 N.Y.S.3d 156 [2d Dept. 2018]; *quoting Barry v. Cadman Towers, Inc.,* 136 A.D.3d 951, 25 N.Y.S.3d 342 (2016); *See also Malast v. Civil Serv. Employees Ass'n, Inc.*, Local 830, 128 A.D.3d 650, 8 N.Y.S.3d 420 (2015) ("The moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable").

As stated above, whether the statute of limitations should be equitably tolled is a question of fact. The Court misstates Plaintiff's burden of proof to establish the reasons for which their claims should be equitably tolled. For the court to ask of the Plaintiff, in so many words, "how could you not have known?" is to analyze the very merits of the case and weigh the credibility of Plaintiff's assertion that they were kept in the dark about the Defendant's overall fraudulent scheme. The proper determination is not whether the Plaintiff has *proven* that the fraud was concealed nor that their ignorance was "reasonable." Rather, to overcome Defendant's statute of limitations defense, Plaintiff must raise a question of fact with respect to the timeliness of their claim.

The Magistrate stated in the Report that the only allegation of concealment on the part of the Defendant was that "he made certain arguments in the course of litigation that may have

delayed certain rulings or efforts to obtain discovery." ECF No. 31 at 29. The Magistrate also

stated that Plaintiff was "clearly aware" that SMU and SMU LLC were separate entities as "early

as 2015." ECF No. 31 at 29. Both these interpretations of the allegations are incorrect. Plaintiff

made this clear in its Objections; the applicable excerpt from their Objections is as follows:

> Plaintiff stated that upon *suspicion* that the US student loan funds were never disbursed to the University, SMU launched an independent investigation, including financial audits, in an attempt to uncover specific information regarding the wire transfer that was made to SMU LLC [P's Response at 4]. Plaintiff stated that it took years to uncover the details and underlying facts surrounding the Defendants' failure to properly disburse the student loan funds. Further impeding SMU's discovery of the details surrounding the scheme was that Curacao law does not permit another party to produce documents before a permanent or summary procedure.
>
> Finally, even though there was suspicion that the US student loan funds were never transferred to the university in Curacao, it was not clear where the funds went. Once Plaintiff had reasonable belief that the funds were transferred to a Florida Limited Company, Plaintiff promptly filed suit in the Southern District of Florida.
>
> ECF No. 34 at 4. To be clear, Defendants concealment was not limited to arguments

made in court. Rather, Defendants refused to turn over discovery or comply with Plaintiff's

investigation and audits. Plaintiff was diligent in its efforts to establish where the student loan

funds were transferred and once discovered, promptly filed suit.

Given that Plaintiff has established a question of fact as to whether the statute of limitations

should be tolled, this Court should not have granted a Motion to Dismiss without further discovery

and an evidentiary hearing. *See Upadhyay v. Sethi*, 10 CIV 8462 NRB, 2012 WL 1195233 at *1

(S.D.N.Y. Apr. 5, 2012) (equitable tolling issue involved question of fact that could not be resolved

on the record and therefore required evidentiary hearing); *see also Meinhardt v. Bd. of Regents of*

*Univ. of State*, 151 A.D.2d 802, 542 N.Y.S.2d 51 (1989) (resolution of question of fact raised on

timeliness of claim required evidentiary hearing).

Finally, Plaintiff made additional arguments in their Objections for tolling the statute of limitations regarding the conversion and unjust enrichment claims that, due to the District Judge's adoption of the Report without analysis, must be reiterated here. First, the Magistrate misapplied the facts to the applicable law. The Court cited *Seanto Exports v. United Arab Agencies* for the notion that "the statute of limitations for a conversion claim begins to run when the conversion occurs and not when the conversion is discovered or when plaintiff exercises diligence to discover it." 137 F. Supp. 2d 445, 451 (S.D.N.Y. 2001). However, the Court failed to apply this rule to the present facts. Plaintiff noted this in its Objections and provided the following explanation:

> While the wire transfer of $177,000 of US Federal Student Loans from SMU LLC Virginia to SMU LLC New York occurred on December 12, 2007, it does not automatically follow that this was the date of accrual for the conversion and unjust enrichment claims. At the time of the wire transfer, Defendant SCALIA had ownership and control over SMU LLC. Furthermore, there may have been a legitimate purpose in transferring the student loan funds to SMU LLC, as a means to prevent the mismanagement of those funds by *other* shareholders or board members. Therefore, SCALIA's initial acquisition of the funds, via wire transfer, may have been lawful.
>
> ECF No. 34 at 7.

Plaintiff's position is that the lack of clarity as to the exact point of conversion and the discovery of the fraud are issues that are inextricably intertwined, and give rise to questions of fact that must survive the Motion to Dismiss. However, if the Court is adamant that the December 12, 2007 date is the exact point of conversion, this "finding" should not impede the analysis of the applicability of the discovery rule to the fraud claim.

**II Failure to State a Claim**

Plaintiff reiterates that they are not attempting to relitigate the 2015 Promissory Note Case originally brought in Curacao. The only "loans" related to this case are the Federal funds proceeding from certain US student loans paid to the benefit of SMU that were diverted and

misappropriated by Defendant Scalia, through SMU LLC. ECF No. 34 at 12. If this Court finds this unclear in the Complaint, Plaintiff should be allowed leave to amend the Complaint.

*a. Conversion*

As to the sufficiency of the conversion claim, in the Report and Recommendation, the Court first cites the elements of a conversion claim under New York law: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control of the property before its conversion, and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of plaintiff's rights." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 301, 327 (S.D.N.Y.) (*quoting Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)), adopting report and recommendation id. at 307–08 (S.D.N.Y. 2010).

The Court starts out by stating that Plaintiff failed to allege the specific and identifiable property which was the subject of the conversion. Respectfully, this is incorrect. In paragraphs 15 and 16 of the Complaint, Plaintiff alleges that the subject property was the student loan funds from Nelnet and Sallie Mae that were transferred to SMU LLC N.Y. but never released to SMU for their legitimate purpose. The Court then asserts that Plaintiff failed to allege 1) "what was supposed to occur with the funds" and 2) "what actually happened to them." Respectfully, Plaintiff has in fact alleged these details. In paragraphs 15-16 of the Complaint, Plaintiff asserted that the loans from Sallie Mae and Nelnet were supposed to be transferred to SMU for the benefit of the students, but instead were kept by Scalia. ECF No. 1 at 3.

Plaintiffs can therefore only assume that the Court is inserting a heightened standard of pleading with particularity with respect to proving exactly where the funds went. This is a misapplication of the law. Plaintiffs do not have the burden of proving exactly where the funds went at this stage, it merely has to allege that the property was in possession of the Defendant and he failed to return it to the rightful owner. Indeed, none of the cases to which the Court cites in the

Report required the Plaintiff to allege what actually happened with the converted property at the pleading stage. In *Vanderbilt University v. Dipsters Corp*, the court found that Plaintiff's allegations identifying a specific sum of money that the Defendants were in possession of and wrongfully refused to return, was enough to survive a motion for summary judgment. No 84 CV 7215, 1986 WL 10471, at *3 (S.D.N.Y. Sept. 17, 1986) In *LoPresti v. Terwilliger*, a conversion claim survived a motion to dismiss not because the Plaintiff identified exactly what the Defendant had done with the property, but rather because the Defendant failed to do what was required of him and that which aligned with the plaintiff's rights to the property. In the present case, Scalia's failure to disburse the funds to the University satisfies this final element of a conversion claim.

*b. Unjust Enrichment*

The Magistrate Judge made the same misapprehension of law when analyzing whether the Plaintiff properly pled a claim for unjust enrichment. The Report initially cites the correct elements for an unjust enrichment claim: proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005); *accord United States v. Wolin*, 489 F. Supp. 3d 21, 32 (E.D.N.Y. 2020) (*quoting Jetro Holdings, LLC v. MasterCard Int'l, Inc*., 166 A.D.3d 594, 598, 88 N.Y.S.3d 193, 196–97 (2d Dep't 2018)).

However, the Report then later creates the same additional element as it did for its analysis of the conversion claim. Specifically, that Plaintiff "has failed to clearly identify when defendant received the funds, what defendant did or was supposed to do with them, and plaintiff's entitlement to them." ECF No. 31 at 35. The Magistrate Judge seemed to be placing a heightened pleading standard for this cause of action. Plaintiff's Complaint clearly alleges that the Student Loan funds

were obtained by SMU LLC, the funds respectfully belonged to SMU, and the Defendants have since retained a benefit in failing to return the funds.

### c. Fraud

Plaintiff asserts that the Court failed to address the caselaw which carves out exceptions for relaxing the heightened pleading standards of 9(b) when alleging fraud. "[T]he adequacy of particularized allegations under Rule 9(b) is ... case- and context-specific." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon,* 797 F.3d 229, 236 (2d Cir. 2015). "The Rule 9(b) requirement is relaxed somewhat when the relevant facts are peculiarly within the opposing party's knowledge." *U.S. ex rel. Ellis v. Sheikh*, 583 F. Supp. 2d 434, 438–39 (W.D.N.Y. 2008) (quoting *Vallejo v. Investronica, Inc.*, 2 F.Supp.2d 330, 336 (W.D.N.Y. 1998). Because Plaintiff has no means of assessing whether the Court considered its application of this law to the present case that was presented in their Objections, it will quote them here:

> The Defendants actions, through mismanagement of student loan funds, the creation of shell companies to funnel those funds, and the creation of fraudulent promissory notes to cover up the mismanagement, present to this Court a persuasive and compelling example of a complex scheme in which to relax the heightened pleading standard of 9(b).

> ECF No. 34 at 9-10.

Plaintiff will also note that in its Objections, it argued that the Magistrate misapplied *Mills v. Polar Molecular Corp*., 12 F.3d 1170, 1175 (2d Cir. 1993):

> The plaintiff in Mills had made vague allegations to "defendants," without alleging that the individual defendants personally knew of or participated in the fraud. Here, Plaintiff has alleged with specificity that both SCALIA and SMU NY had a significant role in the fraudulent loan scheme and what roles they each played in that scheme. SCALIA's initial role, as a person who had control over SMU NY's bank account, was that he directed the wire transfer from the US loan companies to SMU NY. [¶ 27 of the Complaint]. Neither Defendant released the student loan funds to the University for their intended purposes. [¶ 29] When an accounting was demanded to SCALIA and SMU NY, both refused [¶ 30].

ECF No. 34 at 10. Respectfully, this Court should have noted this distinction and found that Plaintiff properly plead a claim for fraud, even under a heightened pleading standard.

**III. Forum Non Conveniens and International Comity**

Respectfully, the Court has failed to consider the final decision of the Supreme Court in Curacao that was issued after the filing of Defendants' Motion to Dismiss. In footnote 46 of the Report, the Court stated that, following the submission of the decision to this Court on May 4, 2022, neither party further addressed how the new decision would have an impact on this case, if any. However, Plaintiff did address this issue in its Objections and wrote the following:

> Since the Southern District Court of Florida decision, the final decision of the appellate courts of Curacao has supported SMU's position that certain matters in the Curacao court, such as the U.S Student loans and SMU LLC, were irrelevant and not at issue/review within the Curacao claims.
>
> ECF No. 34 at 11.

As referenced in the Objection, the implication of final decision from the Curacao Supreme Court is that the entirety of the Court's reasoning for dismissing this case based on *forum non conveniens* and international comity are now irrelevant. And this Court's reliance on the Report, as well as any inference of the Southern District of Florida case regarding those arguments is error. In the Southern District of Florida case, the Court granted dismissal on *forum non-convenience* under the impression that the federal loans claim was actually within the issues of the Curacao appeal.

Notwithstanding the impact of the final decision from the Supreme Court of Curacao, Plaintiff still argues that the Court's reasoning contained misunderstanding of the facts as well as a misapplication of the law. Plaintiff reincorporates its argument from its Objections to the Report and Recommendation and restates them here:

> Plaintiff first urges the Court to find that the claims alleged are not in any way derived from the Shareholder Agreement and any forum selection clause found

within that Agreement do not apply to this case, especially since SMU LLC is not even a party to the agreement.

The Report conclusory stated that Curacao "has an interest in continuing to assert jurisdiction over what is essentially a matter local to Curacao and has already been the subject of extensive litigation in Curaçaon courts." Respectfully, **the Report here has failed to appreciate the distinction between the subject matter and the parties involved in the prior litigation in Curaçao and the subject matter at issue in this case. The funds at issue here, though rightfully belonging to a Curaçao institution, were never transferred out of the United States, and the individual (Defendant SCALIA) that asserted wrongful possession and authority over those funds is a resident of New York.** The entity SCALIA used to control those funds and SMU LLC, is registered in the state of New York, with no business in Curacao, as specifically determined by the Curacao appellate courts. Essentially, as made final by the litigation in Curacao, SMU LLC has no affiliation with SMU, and therefore the subject of this case is *not* a "matter local to Curaçao."

ECF No. 34 at 10-11 (emphasis added).

The Report placed heavy reliance on, and deferred to, the forum selection clauses in the 2007 and 2010 Shareholders Agreements. However, Plaintiff cannot ascertain why a forum selection clause in an entirely unrelated contract, not even involving SMU LLC, should dictate the choice of forum. In its Report, the Court failed to cite to caselaw on this specific point.

However, the caselaw it did cite regarding the parties' prior submission to the foreign court was misapplied. Plaintiff stated in its Objections the misapplication of *Saud v. PIA Invs. Ltd* as follows:

Saud involved both a foreign (international) Plaintiff and Defendant. The transactions at issue in that case occurred abroad, as did the alleged wrongdoing on part of the foreign defendants. [In comparison], the fraudulent transactions alleged in this [instant] case took place in the U.S. and the parties who were responsible for those transactions also call New York home.

(ECF 34 at 12). Ironically, Plaintiff's claims against Scalia in the Southern District of Florida "failed" for lack of personal jurisdiction since they argued that New York was the proper forum.

In an abundance of caution, if this Court has doubt as to the implications of any of the decisions relating to the Curacao appeal, further jurisdiction briefing should be required as opposed

to termination of Plaintiff's rights it has been pursuing since the initiation of suit against CHH in the Southern District of Florida in 2019.

## **CONCLUSION**

In sum, the Magistrates Report and Recommendation, stemming from a Motion to Dismiss, is at issue for misapprehension of law and fact, which respectfully, this Court has adopted in error as well. Plaintiff has detailed and presented substantial case law addressing the principal concern regarding a bar on claims based on statute of limitation, which if reconsidered, would and should permit Plaintiff to at least amend its complaint to address any purported pleading deficiencies, as opposed to definite dismissal.

The Report and Recommendation also made errors in its analysis regarding forum non-convenience, which is especially highlighted by the reliance on the Southern District of Florida analysis. Such an analysis is directly contradicted by the Supreme Court of Curacao. Should this Court have concerns as to the interpretation of the holdings of the Curacao Court, further hearing and argument should be required before ultimate dismissal.

Wherefore, Plaintiff respectfully requests this Court reconsider its Order Adopting Report and Recommendation for Motion to Dismiss, and permit this underlying matter to further proceedings on the merits.

Dated July 23, 2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed with the

Court on this 31st day of July 2023.

By: */s/Moises A. Saltiel*
Moisés A Saltiel, Esq.
Florida Bar No. 109954
Saltiel Law Group
Attorney for Plaintiff
201 Alhambra Cir, Ste 1050
Coral Gables, FL 33134
(305) 735-6565
Service@SaltielLawGroup.com
